■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CANDELARIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered June 17, 1987, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was denied a fair trial by the court's failure to instruct the jury on circumstantial evidence. Where, as here, the defendant fails to request a circumstantial evidence charge and makes no objection to the charge as delivered, any issue of law with respect to the contention is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Willis,* 107 AD2d 830). In any event, there was direct evidence of the defendant's guilt, to wit, a statement made by the defendant to his brother-in-law at the time of the crime *(see, People v Rumble,* 45 NY2d 879; *People v Samuel,* 138 AD2d 543). As the prosecution's case did not rest

solely on circumstantial evidence, the court did not err by failing to give a circumstantial evidence charge (see, People v Johnson, 65 NY2d 556, 561, rearg denied 66 NY2d 759; People v Licitra, 47 NY2d 554, rearg denied 53 NY2d 938).

The defendant also contends that the court's instructions with respect to his claim of accident improperly shifted the burden of proof to him because they did not unequivocally convey to the jury that the burden of proof remained with the People. Contrary to the defendant's assertion, the defense counsel did not timely object to the charge as given, nor did he move for a mistrial on the ground that the jury instructions were erroneous. Rather, it was the defense counsel who supplied the court with the words of the charge in his written request. This amounts to a waiver of appellate review of the defendant's claim (see, People v Shaffer, 66 NY2d 663; People v Zocchi, 133 AD2d 478). In any event, although the court did not specifically state in its instructions that the People were required to disprove the contention of accident beyond a reasonable doubt, the charge as a whole made it clear that the defendant bore no burden of proof and that the burden is on the People to prove every element of the crime beyond a reasonable doubt. Thus, the jury was instructed as to the correct rules and principles to apply (see, People v Canty, 60 NY2d 830; People v Azzara, 138 AD2d 495, lv denied 71 NY2d 1023).

We have examined the defendant's other contentions and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.