■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRAIG BROWN, Appellant. [759 NYS2d 168] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 8, 2000, convicting him of robbery in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

A defendant may be entitled to new assigned counsel upon a

showing of good cause, such as a conflict of interest or other irreconcilable conflict with counsel (*see People v Sides,* 75 NY2d 822, 824 [1990]; *People v Medina,* 44 NY2d 199, 207 [1978]). In determining whether good cause exists, "a court must take into account such circumstances as whether present counsel is reasonably likely to afford a defendant effective assistance and whether the defendant has unduly delayed in seeking new assignment" (*People v Medina, supra* at 208).

We agree with the defendant that he was denied the right to counsel when the trial court denied his motion for substitution of counsel without conducting an adequate inquiry with respect to his allegations. Here, the defense counsel represented to the trial court that a grievance proceeding against her prevented her from providing effective representation, thereby raising the possibility of irreconcilable differences and an actual conflict of interest. As such, a new trial is ordered.

We need not consider the defendant's remaining contention in light of our determination herein. S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.