■ The People of the State of New York, Respondent, v Anthony Ault, Appellant. [765 NYS2d 516] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered November 10, 1999, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Braun, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Fryar,* 276 AD2d 641 [2000]). Here, there was probable cause to arrest the defendant (*see* Penal Law § 265.15 [3]; *People v Lemmons,* 40 NY2d 505, 509-510 [1976]; *People v Miller,* 237 AD2d 535, 536 [1997]), and nothing in the record supports the defendant's contention that the hearing testimony of the police officer who took his statements was incredible or patently tailored to nullify constitutional objections (*see People v Black,* 214 AD2d 619 [1995]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The sentence imposed was not excessive (*see People v Delgado,* 80 NY2d 780, 783 [1992]; *People v Suitte,* 90 AD2d 80, 86-87 [1982]).

The defendant's contention, raised in his supplemental pro se brief, that he was denied the effective assistance of counsel, is primarily based on matter dehors the record which cannot be reviewed on direct appeal (*see People v Boyd,* 244 AD2d 497 [1997]). To the extent that this contention can be reviewed, the record demonstrates that the defendant received meaningful representation (*see People v Ellis,* 81 NY2d 854, 856 [1993]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.