[830 NE2d 249, 797 NYS2d 351]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO McCLEMORE, Appellant.

Decided March 31, 2005

### APPEARANCES OF COUNSEL

*Gary A. Horton, Public Defender*, Batavia (*Bridget L. Field* of counsel), for appellant.

*Lawrence Friedman, District Attorney*, Batavia (*William G. Zickl* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

CPL 530.13 (4) provides a court with discretion to enter an order of protection "[u]pon conviction of any offense." When a defendant is convicted of a felony, "[t]he duration of such an order shall be fixed by the court and . . . shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed" (CPL 530.13 [4]).

Here, defendant pleaded guilty to the felony of first-degree kidnapping (*see* Penal Law § 135.25). County Court imposed an indeterminate term of imprisonment of 15 years to life, and also entered an order of protection in favor of the kidnapping victim. The trial court wanted the order to remain in effect for the maximum duration permitted by CPL 530.13 (4)—three years from the date of expiration of defendant's life sentence—but obviously could not know how long defendant would live. County Court resolved this dilemma by setting an expiration date of July 25, 2101, or 100 years after the date of sentencing. We reject defendant's claim that County Court erred in so doing.

As we have previously observed, the purpose of fixing expiration dates in orders of protection is "to provide certainty for defendants, the protected victims and witnesses, and law enforcement authorities who may be called to enforce" the orders (*People v Nieves*, 2 NY3d 310, 317 [2004]). The expiration date established here fulfills that purpose, while allowing County Court to exercise its discretion to issue what is, in ef-

fect, a lifetime order of protection, which affords the kidnapping victim the utmost safety and peace of mind.*

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.

---

* After the sentencing proceeding in this case, the Legislature amended CPL 530.13 to provide explicitly that "[a]n order of protection issued under this section shall plainly state the date that such order expires" (*see* CPL 530.13 [5]; L 2002, ch 462).