■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SMITH, Appellant. [807 NYS2d 402]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Partnow, J.), rendered December 16, 2003, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect for "lifetime" is vacated on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination as to the duration of the order of protection; and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the assignment of new counsel, to be followed by resentencing, in accordance herewith.

The defendant claims that he was deprived of a fair trial by prosecutorial misconduct during summation, but his contentions in this regard are either unpreserved for appellate review (see CPL 470.05 [2]), without merit, or harmless error in light of the overwhelming evidence of his guilt (see People v Crimmins, 36 NY2d 230, 242 [1975]). We do not, however, condone the prosecutor's description of the defendant as "evil," because use of that term to describe a defendant in no way helps a jury perform its fact-finding function.

Defendants are not entitled to appointment of successive lawyers at their option, but a defendant who makes a showing of " 'good cause for a substitution' such as a conflict of interest or other irreconcilable conflict with counsel," may be entitled to new assigned counsel (People v Sides, 75 NY2d 822, 824 [1990], quoting People v Medina, 44 NY2d 199, 207 [1978]). A court "must carefully evaluate seemingly serious requests in order to ascertain whether there is indeed good cause for substitution" (People v Sides, supra at 824).

Here, there was such a "seemingly serious request." On the date originally set for sentencing, the court determined that it would need to hold a hearing on whether the defendant was a persistent violent felony offender. Before the court adjourned the case, the defense counsel told the court that the defendant "has indicated that he has filed grievances against me . . . And at this point, since I have every intention of defending myself . . . I feel that I am obligated to bring this up because the

advocacy role may very well be breached. And there may be an adversarial role. So, he's asking me to be relieved." Without conducting any inquiry whatsoever, the court thanked the defense counsel and adjourned the case.

On the adjourned date, the court conducted the entire inquiry regarding whether the defendant was a persistent violent felony offender without any inquiry into the situation between the defendant and the defense counsel. When the defense counsel was in the midst of saying he agreed that the prosecution had established the defendant's status as a persistent felony offender, the defendant asked to speak. When the court gave him permission, the defendant told the court why he believed that he was not a persistent violent felony offender. The court found him to be a persistent violent felony offender, and it proceeded to the next phase of the sentencing proceeding.

The court asked if there was any reason why sentence should not be imposed, and the defendant stated, "Yes." The clerk asked the defendant whether the attorney standing next to him was his attorney, and the defendant answered, "I bring [*sic*] complaints against him and asked for him to be excused. I don't know." The clerk asked the defendant again if the attorney standing next to him was his attorney, and the defendant stated, "Yes." The court then gave the prosecutor an opportunity to speak on the issue of sentence.

The court twice had been apprised that there were seemingly serious conflicts between the defendant and his attorney, but at neither time did the court make any inquiry into the nature of the grievance that the defendant apparently had filed. This was error. It was incumbent on the court to make some inquiry to determine whether substitution was warranted (*see People v Medina, supra* at 207; *People v Brown,* 305 AD2d 422, 423 [2003]). Such inquiry was required so that the court could focus on the nature of the conflict between the defendant and his attorney, and determine whether counsel could still provide the defendant with zealous representation or whether the request for substitution was merely a delaying tactic (*see People v Medina, supra*).

We note that there is neither a per se rule nor any presumption that defendants who have filed grievances against their attorneys are entitled to substitution of counsel, and we emphasize that only where, after careful inquiry, the court is convinced that "good cause" exists for substitution should it grant the request. Here, had the court conducted that inquiry, it might well have determined that, despite the defendant's allegedly having filed a grievance, the grievance was merely a delaying

tactic or that the defense counsel was, despite the grievance, fully capable of providing the defendant with effective representation.

Instead, at least in part because of the court's failure to make the necessary inquiry, it was unclear at times during the sentencing proceeding whether the defendant was proceeding pro se or was still represented by counsel. He had never been advised of the pitfalls of proceeding pro se (*see People v Arroyo,* 98 NY2d 101, 103-104 [2002]; *cf. People v Zuga,* 306 AD2d 505, 506 [2003]). Under these circumstances, we vacate the sentence and remit the matter to the Supreme Court, Kings County, for the assignment of new counsel, to be followed by resentencing, including a determination as to the defendant's status as a persistent violent felony offender.

Finally, if the court chooses to issue an order of protection, it must set an expiration date for such order (*see* CPL 530.13 [5]; *People v McClemore,* 4 NY3d 821, 822-823 [2005]).

In light of the foregoing, we need not reach the defendant's remaining, unpreserved contention based on *Apprendi v New Jersey* (530 US 466 [2000]). Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.