THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY OGARRO, Appellant. [823 NYS2d 511]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered June 2, 2005, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As a pretrial hearing on that branch of the defendant's omnibus motion which was to suppress identification evidence was about to begin, the defendant announced that he had changed his mind and no longer wished to represent himself. The court thereupon directed that assigned counsel, who was the defendant's sixth assigned attorney and who was present to act as his legal advisor, represent him at the hearing and at trial. Counsel expressed reservations, principally because the defendant had filed a grievance against him. The defendant, however, did not ask for a different attorney. The hearing proceeded and the record reveals that counsel conducted a lengthy cross-examination of the police witness, objected to the introduction of an exhibit, and generally defended the defendant's interests vigorously and competently. Moreover, counsel subsequently negotiated a plea bargain for the defendant pursuant to which he entered a so-called *Alford/Serrano* plea (*see North Carolina v Alford,* 400 US 25 [1970]; *People v Serrano,* 15 NY2d 304, 310 [1965]) upon a promise that he would be

sentenced as a persistent violent felony offender to a term of imprisonment less than, and concurrent with, a sentence imposed in a Bronx County case, and that his conviction would be vacated and his plea withdrawn in the event that the judgment in the Bronx County case was reversed (*see People v Pichardo,* 1 NY3d 126 [2003]). On this appeal, the defendant contends, inter alia, that he was deprived of the effective assistance of counsel. We disagree.

"[T]here is neither a per se rule nor any presumption that defendants who have filed grievances against their attorneys are entitled to substitution of counsel" (*People v Smith,* 25 AD3d 573, 575 [2006]). Under the circumstances of this case, where the defendant did not request new counsel (*compare People v Smith, supra; People v Brown* 305 AD2d 422 [2003]), and where his attorney competently represented him at the hearing and negotiated a favorable plea bargain on his behalf, the defendant received meaningful and effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Fox,* 3 AD3d 577, 579 [2004]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.