■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL PEREZ, Appellant. [847 NYS2d 226]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 29, 2005, convicting him of robbery in the first degree (three counts), robbery in the second degree, criminal mischief in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of due process and the effective assistance of counsel by the Supreme Court's failure to appoint new counsel subsequent to the verdict and prior to a CPL article 730 hearing on the issue of his fitness to proceed to sentencing is unpreserved for appellate review (*see People v La Bar,* 16 AD3d 1084, 1084-1085). The defendant made no request for new assigned counsel to represent him at the post-verdict hearing or at sentencing. In any event, the contention is without merit.

"[A] defendant may be entitled to new assigned counsel upon showing 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides,* 75 NY2d 822, 824 [1990], quoting *People v Medina,* 44 NY2d 199, 207 [1978]; *see People v Smith,* 25 AD3d 573, 574 [2006]; *People v Brown,* 305 AD2d 422, 422-423 [2003]). Here, the trial record contains no indication of any basis for a substitution of assigned counsel.

The allegations in the defendant's pro se motion to set aside

the verdict were insufficient to indicate a serious conflict with counsel. Moreover, the Supreme Court providently exercised its discretion in declining to consider an addendum to the pro se motion. "A motion made by one who is neither the defendant nor his attorney of record is to be disregarded by the court" (*People v Chapnick,* 114 AD2d 421 [1985]). The Supreme Court was apprised that the addendum had been authored by someone other than the defendant or his attorney. Moreover, the defendant himself disavowed authorship of the addendum in open court. Therefore, the Supreme Court properly rejected the submission. Accordingly, in light of the absence of any evidence of a serious conflict between the defendant and his attorney, the court did not err in failing, sua sponte, to assign new counsel.

There is also no merit to the defendant's contention that, after the verdict, the Supreme Court should have directed that a hearing be held to determine whether the defendant had been competent at trial (*see People v Scivolette,* 40 AD3d 887, 888 [2007]; *People v Mathis,* 37 AD3d 212, 213 [2007]). "During the course of a criminal action, whenever a court has a reasonable ground for believing that a defendant is in such a state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, it is the duty of the court to direct him to be examined in these respects" (*People v Tortorici,* 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *see People v Smyth,* 3 NY2d 184, 187 [1957]; *see Pate v Robinson,* 383 US 375, 387 [1966]). Here, however, the defendant had been found fit to proceed prior to trial, and nothing in the trial record indicates that, at trial, the defendant "lack[ed] the capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]). Moreover, nothing in the addendum, even if it were properly considered by the Supreme Court, was sufficient to indicate that the defendant had not been competent at trial.

Furthermore, contrary to the defendant's contention, the Supreme Court properly found that the People sustained their burden, at the post-verdict hearing to determine the defendant's fitness to proceed to sentencing, of proving by a preponderance of the evidence that the defendant was competent within the meaning of CPL 730.10 (1) (*see People v Jones,* 25 AD3d 809, 810 [2006]; *People v Troy,* 28 AD3d 689 [2006]; *People v Marino,* 13 AD3d 556 [2004]). Ritter, J.P., Goldstein, Skelos and Dillon, JJ., concur.