■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA CONKLIN, Appellant. [897 NYS2d 149]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered July 9, 2008, convicting him of burglary in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the second degree is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), there existed a "valid line of reasoning and permissible inferences [which] could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial" (*People v Williams*, 84 NY2d 925, 926 [1994]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention that the County Court erred in denying that branch of his pretrial motion which was to suppress postarrest statements he made to the arresting officer and to a detective, and oral and written statements he made to the detective after he was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). The factual findings based on the credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Bennett*, 57 AD3d 912, 912 [2008]; *People v Ault*, 308 AD2d 594, 595 [2003]; *People v Evans*, 298 AD2d 401 [2002]; *People v Jakins*, 277 AD2d 328, 328 [2000]; *see also People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the defendant's contention, the record supports the County Court's determination that the testimony of the arresting officer and the detective

as to the postarrest statements was not unworthy of belief (*see People v Rivera*, 27 AD3d 489, 490 [2006]). Since the statements were spontaneously made and not the result of police questioning, they were admissible (*see People v Whaul*, 63 AD3d 1182, 1182-1183 [2009], *lv denied* 13 NY3d 864 [2009]). Moreover, the record supports the County Court's determination that the defendant's oral and written statements to the detective after receiving *Miranda* warnings were not rendered involuntary because he was allegedly under the influence of mind-altering drugs (*see People v Coad*, 60 AD3d 963, 964 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Perry*, 144 AD2d 706, 706 [1988]; *People v Roth*, 139 AD2d 605, 605-606 [1988]).

The defendant's contention that the County Court erred in denying his motion for new assigned counsel is also without merit. A defendant may be entitled to new assigned counsel upon a showing of good cause for substitution, such as a conflict of interest or other irreconcilable conflict with counsel (*see People v Zarro*, 66 AD3d 1050 [2009]; *People v McClam*, 60 AD3d 968, 969 [2009]; *People v Perez*, 46 AD3d 708, 708 [2007]; *People v Brown*, 305 AD2d 422, 422-423 [2003]; *see also People v Linares*, 2 NY3d 507, 510-511 [2004]; *People v Sides*, 75 NY2d 822, 824 [1990]; *People v Medina*, 44 NY2d 199, 207-208 [1978]). Here, however, the defendant failed to demonstrate good cause for substitution. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.