THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant. [920 NYS2d 430]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered December 5, 2007, convicting him of assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his detention and arrest by the police were supported by information provided by eyewitnesses to the subject shooting, information obtained from an identified citizen informant which was corroborated by police observation, and the identification of the defendant as the shooter from a photo array by three eyewitnesses (see People v Martinez, 80 NY2d 444, 446-447 [1992]; People v Brito, 59 AD3d 1000 [2009]; People v Warren, 276 AD2d 505, 505-506 [2000]; People v Farr, 262 AD2d 580, 580-581 [1999]). Furthermore, even if the police action had been improper, the identifications from the photo array were not an exploitation of any antecedent illegality, as the defendant's photograph was obtained from a source independent of the alleged unlawful conduct (see People v Pleasant, 54 NY2d 972, 974 n [1981], cert denied 455 US 924 [1982]; see also People v Tolentino, 14 NY3d 382, 384-388 [2010]), and the hearing court determined that the photo array

identification procedure was not unduly suggestive and did not require suppression of the witnesses' in-court identification testimony.

The Supreme Court did not deprive the defendant of the right to represent himself, as the defendant never made a clear and unequivocal request to proceed pro se (*see People v Gillian*, 8 NY3d 85, 88 [2006]; *see generally People v McIntyre*, 36 NY2d 10, 17 [1974]). In any event, any request was abandoned, since the defendant's subsequent conduct evinced his satisfaction with counsel (*see People v Gillian*, 8 NY3d at 88; *People v Scivolette*, 40 AD3d 887, 887-888 [2007]; *People v Pena*, 7 AD3d 259, 260 [2004]; *People v Hirschfeld*, 282 AD2d 337, 339 [2001], *cert denied* 534 US 1082 [2002]).

Finally, the Supreme Court did not improvidently exercise its discretion in denying the defendant's application to present certain proposed alibi testimony. The defendant's alibi notice was untimely served, and the defendant did not establish good cause for his failure to timely notify the prosecution of the proffered alibi evidence (*see* CPL 250.20 [1]; *People v Reyes*, 49 AD3d 565, 566 [2008]; *People v Jiminez*, 36 AD3d 962, 964 [2007]; *People v Louisias*, 29 AD3d 1017, 1019 [2006]; *People v Delarosa*, 287 AD2d 734, 735 [2001]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.