People v Faraone (2020 NY Slip Op 04962)





People v Faraone


2020 NY Slip Op 04962


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-12505
 (Ind. No. 93/17)

[*1]The People of the State of New York, respondent,
v
Jason A. Faraone, appellant.


Scott Lockwood, Deer Park, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered October 4, 2017, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
We agree with the County Court's denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. "Showup procedures, although generally disfavored, are permissible where employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People v Castro, 149 AD3d 862, 863; see People v Baez, 175 AD3d 553, 554). Here, the evidence adduced at the suppression hearing established that the showup took place approximately 30 minutes after the crime and between two-tenths and half a mile away from the crime scene (see People v Baez, 175 AD3d 553; People v Lancaster, 166 AD3d 807; People v Flores, 153 AD3d 182). Contrary to the defendant's contention, the showup procedure was not unduly suggestive (see People v Baez, 175 AD3d 553; People v Lancaster, 166 AD3d 807; People v Flores, 153 AD3d 182, affd 32 NY3d 1087; People v Gil, 21 AD3d 1120.
The defendant's contention that the evidence was legally insufficient to establish his intent to commit a crime is unpreserved for appellate review, as he did not renew his motion to dismiss after he testified on his own behalf (see People v Kolupa, 13 NY3d 786, 787; People v Hines, 97 NY2d 56, 61). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's intent to commit a crime may be inferred from his unlawful [*2]entry into another's residence by removing a windowpane (see People v Borges, 90 AD3d 1067), as well as his false explanation of his presence (see People v Diaz, 53 AD3d 504).
The County Court providently exercised its discretion in denying the defendant's application to allow the jury to view the subject premises. The defendant failed to establish that the proposed inspection would be helpful to determine a "material factual issue" (CPL 270.50[1]; see People v Dunaway, 134 AD3d 952).
Accordingly, the judgment is affirmed.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court