People v Stewart (2021 NY Slip Op 51191(U))

[*1]

People v Stewart (Howard)

2021 NY Slip Op 51191(U) [73 Misc 3d 140(A)]

Decided on December 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-877 N CR

The People of the State of New York,
Respondent,
against
Howard Stewart, Appellant. 

Langone & Associates, PLLC (Richard M. Langone of counsel), for appellant.
Nassau County District Attorney (Andrea M. DiGregorio, Amanda Manning and Benjamin A.
Kussman of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Douglas J.
LeRose, J.), rendered May 6, 2019. The judgment, upon a jury verdict, convicted defendant of
petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of petit larceny (Penal Law § 155.25),
in that he shoplifted merchandise from a department store. On appeal, defendant argues, first,
that the verdict was against the weight of the evidence.
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]). "Necessarily, in conducting its weight of the evidence review, a court must consider
the elements of the crime" as charged to the jury, "for even if the prosecution's witnesses were
credible their testimony must prove the elements of the crime beyond a reasonable doubt"
(id. at 349). If a finding in favor of defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843,
844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that
may be drawn from the evidence and evaluate the strength of such conclusions"
(Danielson, 9 NY3d at 348). Nonetheless, great deference is [*2]accorded to the jury's opportunity to view the witnesses, hear their
testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Bleakley, 69 NY2d 490, 495 [1987]).
The People proved beyond a reasonable doubt that defendant had committed petit larceny, in
that they demonstrated, through witness testimony and video surveillance, that, with the intent to
deprive another of property or to appropriate the same to himself, defendant wrongfully took
property from the owner thereof (see Penal Law §§ 155.05 [1];155.25;
People v Jennings, 69 NY2d 103, 118 [1986]; People v Stapkowitz, 40 AD3d 435 [2007]). Although defendant
argues on appeal, as he did at trial, that the surveillance video failed to show, and the People
failed to prove, how he had concealed the merchandise before exiting the store, concealment is
not an element of the offense; rather, it is but one means of inferring larcenous intent (see
People v Olivo, 52 NY2d 309, 319-320 [1981]). Upon a review of the record, we are
satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643 [2006]).
Moreover, where, as here, a defendant fails to request a circumstantial evidence charge and
makes no objection to the charge as delivered, any contention pertaining to that charge is not
preserved for appellate review (see CPL 470.05 [2]; People v Shackelton, 177 AD3d 1163 [2019]; People v Wesley, 175 AD3d 1194
[2019]; People v Reyes, 45 AD3d
785 [2007]; People v Candelario, 150 AD2d 791 [1989]; People v Willis,
107 AD2d 830 [1985]). Additionally, defendant's claim that the District Court erred in denying
his request for a missing witness charge is not preserved for appellate review, as the specific
arguments he now makes were not raised in the District Court (see CPL 470.05 [2]; People v Facey, 104 AD3d 788
[2015]; People v Spinelli, 79 AD3d 1152 [2010]; People v Stapleton, 41 AD3d 744 [2007]; People v Lopez, 19 AD3d 510
[2005]; People v Porter, 268 AD2d 538 [2000]; People v Watson, 245 AD2d 87
[1997]; People v Gaeta, 33 Misc 3d
126[A], 2011 NY Slip Op 51755[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Moreover, we decline to review these issues as a matter of discretion in the interest of justice
(see Wesley, 175 AD3d 1194; People v Kitchens, 268 AD2d 444 [2000];
Gaeta, 33 Misc 3d 126[A], 2011 NY Slip Op 51755[U]).
Defendant further contends that he was deprived of his right to the effective assistance of
counsel because, among other things, the court did not appoint new counsel after defendant filed
a grievance against his court-appointed attorney. "The right of an indigent criminal defendant to
the services of a court-appointed lawyer does not encompass a right to appointment of successive
lawyers at defendant's option" (People v Sides, 75 NY2d 822, 824 [1990]; see People v Washington, 25 NY3d
1091, 1095 [2015]). Additionally, "there is neither a per se rule nor any presumption that
defendants who have filed grievances against their attorneys are entitled to substitution of
counsel" (People v Smith, 25 AD3d
573, 575 [2006]; see People v
Ogarro, 33 AD3d 1025 [2006]). However, in such a situation, a "court [is] required to
make an inquiry to determine whether defense counsel [can] continue to represent defendant in
light of the grievance" (People v
McCullough, 83 AD3d 1438, 1440 [2011]; see People v Tucker, 139 AD3d 1399 [2016]; People v Smith, 25 AD3d 573;
People v Brown, 305 AD2d 422 [2003]). Here, the [*3]court conducted more than a minimal inquiry into defendant's
complaints and the record demonstrates that this was not the first time that the court had inquired
into similar complaints defendant had made about his counsel. The court noted that this was
defendant's seventh or eighth court-appointed attorney. Moreover, when denying defendant's
latest request for new counsel, the court gave its reasons therefor, to wit, that the Office of Court
Administration had mandated that no criminal case should be pending for more than a year and
that the instant matter had been pending for approximately 11 months. The court concluded that
any further delay would prejudice the People, particularly since they were already having
difficulty securing one of their witnesses. Consequently, upon ascertaining that defense counsel
could continue to represent defendant in light of the grievance that had been filed against him, it
was within the court's sound discretion to deny defendant's request (see generally People v Porto, 16 NY3d
93, 99 [2010]; People v Medina, 44 NY2d 199, 207 [1978]).
Additionally, a criminal defendant may be permitted to proceed pro se if the request is timely
and unequivocal, there has been a knowing and intelligent waiver of the right to counsel, and the
defendant has not engaged in conduct which would interfere with a fair and orderly trial (see
People v Ryan, 82 NY2d 497, 507 [1993]; People v McIntyre, 36 NY2d 10, 17
[1974]). Here, however, while defendant raised concerns with respect to the representation he
was receiving, despite the court having directly asked defendant whether he wanted to represent
himself, the record contains no indication that he had requested or desired to conduct his own
defense (see People v Williams, 256 AD2d 661 [1998]; People v Himko, 239
AD2d 661 [1997]). Consequently, defendant's contention on appeal that the court should have
allowed him to proceed pro se because he had filed a grievance against his attorney is without
merit.
With regard to those contentions of ineffective assistance of counsel raised by defendant that
are reviewable on direct appeal, the record demonstrates that defense counsel's representation did
not fall below an objective standard of reasonableness or prejudice defendant and, thus, was in
accordance with the federal standard (see US Const Amend VI; Strickland v
Washington, 466 US 668 [1984]), and that, in totality, the attorney provided defendant with
meaningful representation in accordance with the state standard (see NY Const, art I,
§ 6; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54
NY2d 137 [1981]; People v
Escobar, 181 AD3d 1194 [2020]). 
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2021