People v Falls

2026 NY Slip Op 50702(U)

April 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Right to Representation Pro Se--Searching Inquiry. Crimes—Larceny--Petit Larceny--Sufficiency and Weight of Evidence

The People of the State of New York, Respondent,

v

Raiquan Falls, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on April 30, 2026

2023-935 OR CR

Present: : Gretchen Walsh, J.P., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Richard L. Herzfeld, for appellant.

Orange County District Attorney (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Newburgh, Orange County (Jude T. Martini, J.), rendered July 24, 2023. The judgment convicted defendant, after a nonjury trial, of petit larceny, and imposed sentence.

[*1]

ORDERED that the judgment of conviction is affirmed.

Following a nonjury trial (Jude T. Martini, J.), defendant was convicted of petit larceny (Penal Law § 155.25), and sentence was imposed on July 24, 2023. On appeal, defendant contends that he was denied his constitutional right to represent himself at the trial. Additionally, he challenges the legal sufficiency of the evidence presented at trial and asserts that the verdict was against the weight of the evidence.

We find that the Justice Court did not deprive defendant of the right to represent himself, as defendant never made a clear and unequivocal request to proceed pro se at trial (see People v Gillian, 8 NY3d 85, 88 [2006]; People v Diaz, 83 AD3d 958 [2011]; see generally People v McIntyre, 36 NY2d 10, 17 [1974]). In any event, any such request was abandoned when he allowed his attorney [*2]to represent him at the trial (see Gillian, 8 NY3d at 88; People v Rodriguez, 95 NY2d 497, 501 [2000] [finding that a criminal defendant is not entitled to hybrid representation]; Diaz, 83 AD3d at 959; People v McClam, 297 AD2d 514 [2002]; People v Hirschfeld, 282 AD2d 337 [2001]). Thus, there was no need for the court to have conducted a searching inquiry before commencing the trial (cf. People v Lewis, 44 NY3d 350 [2025]; see Gillian, 8 NY3d at 88).

Defendant's challenge to the legal sufficiency of the evidence is not preserved for appellate review as he did not renew his motion to dismiss after he testified on his own behalf (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Hines, 97 NY2d 56, 61 [2001]; People v Faraone, 186 AD3d 1394 [2020]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of petit larceny beyond a reasonable doubt. Moreover, in fulfilling our responsibility, upon a defendant's request, to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon our review of the record, we find no basis to disturb the Justice Court's credibility determinations and we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Stewart, 73 Misc 3d 140[A], 2021 NY Slip Op 51191[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).

Accordingly, the judgment of conviction is affirmed.

WALSH, J.P., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: April 30, 2026