■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT KATO, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at trial; Emily Jane Goodman, J., on the speedy trial motion), rendered February 22, 1990, convicting defendant after a jury trial of robbery in the first degree and sexual abuse in the first degree, and sentencing him to an indeterminate prison term of from 6 to 18 years and 2 to 6 years, respectively, unanimously affirmed.

Defendant argues that he was denied his statutory right to a speedy trial. Criminal Term found that 160 days were chargeable to the People, while defendant claimed 200 days were attributable to the People's delay. At issue are two

periods, the first involving the unavailability of the complainant, and the second involving the attempt to secure transcripts upon which to determine the speedy trial motion.

We find the same periods found chargeable by Criminal Term, a total of 150 days (not 160 days as calculated by Criminal Term), were chargeable to the People. The 150 days included the following periods: 26 days (June 9 to July 5, 1988, the dates on which defendant was arraigned on the felony complaint and on the indictment, respectively); 11 days (December 16 to December 27, 1988); 7 days (January 3 to January 10, 1989); 106 days (February 22 to June 8, 1989, the date before which the speedy trial motion was filed).

The period from January 10 to February 8, 1989 was excludable on the ground that the complainant had gone to Puerto Rico for the funeral of a brother who had died over the Christmas holidays. The prosecutor informed the court that the witness lacked the funds to return to New York, stating that arrangements were being made to bring the witness back at the People's expense. Under CPL 30.30 (4) (g), the People met their burden of showing the unavailability of a material witness, due diligence to secure her presence, and grounds for believing in her imminent availability *(People v Zirpola,* 57 NY2d 706 [1982]). At the subsequent adjourned date of February 8, the People again represented that the witness would return shortly, and told the court they had not brought her back for that date because defense counsel was actually engaged. Because of the showing of continued due diligence as well as counsel's engagement and consent to the adjournment (CPL 30.30 [4] [b], [f]), this period of time, until February 22, 1989 was properly excluded *(People v Chang,* 160 AD2d 469 [1990], *lv denied* 76 NY2d 786 [1990]).

Defendant further contests the court's finding that the delay in obtaining the minutes, while an unreasonable one attributable to the People, was nonetheless excludable as it was post-readiness delay which did not affect the People's ability to proceed to trial. The minutes of December 16, 1989 reveal that the People were ready on that date, contrary to defendant's assertions. The court correctly concluded that the time was excludable, as the delay did not bear on the People's readiness *(People v Anderson,* 66 NY2d 529, 534 [1985]). Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.