■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL SLAUGHTER, Appellant. [810 NYS2d 767]—Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered July 26, 2004. The judgment convicted defendant, upon a jury verdict, of arson in the first degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on reckless endangerment in the first degree and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing on count two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of arson in the first degree (Penal Law § 150.20 [1]) and reckless endangerment in the first degree (§ 120.25). Defendant failed to preserve for our review his contention that Supreme Court erred in admitting the testimony of a fire investigator that impermissibly bolstered the complainant's identification testimony (*see* CPL 470.05 [2]; *People v Jones*, 124 AD2d 596 [1986], *lv denied* 69 NY2d 747 [1987]),

and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contentions, the court did not abuse its discretion in denying defendant's request to substitute counsel on the eve of trial (*see People v Arroyave*, 49 NY2d 264, 271-272 [1980]), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence imposed on the arson count is not unduly harsh or severe.

We agree with defendant, however, that the sentence of imprisonment of 7½ to 15 years imposed on reckless endangerment in the first degree, a class D felony, is illegal. A second felony offender convicted of a class D felony must be sentenced to a maximum term of imprisonment of at least four years and no more than seven years and a minimum period of imprisonment of one half of the maximum term imposed (*see* Penal Law § 70.06 [3] [d]; [4] [b]). We therefore modify the judgment by vacating the sentence imposed on reckless endangerment in the first degree, and we remit the matter to Supreme Court for resentencing on count two of the indictment. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.