[904 NE2d 495, 876 NYS2d 341]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE ROUSE, Appellant.

Argued January 7, 2009; decided February 11, 2009

**APPEARANCES OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Peter Theis* and *Robert S. Dean* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Jennifer Marinaccio, Joseph N. Ferdenzi* and *Stanley R. Kaplan* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed and the indictment dismissed.

When a defendant is accused of a felony offense, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). CPL 30.30 (4) (f) excludes from the readiness time "the period

during which the defendant is without counsel through no fault of the court; except when the defendant is proceeding as his own attorney with the permission of the court."

The People contend that the 30-day time period from October 5, 2004 to November 4, 2004 was properly chargeable to defendant because her codefendant was "without counsel." We disagree. Substitute counsel was appointed to codefendant at the conclusion of the October 5, 2004 calendar call, and thus codefendant had counsel during the adjournment period requested by the People. Nor does CPL 30.30 (4) (f) require the court to determine whether counsel was sufficiently familiar with the case in order for a defendant to be considered with legal representation for purposes of the statute.

Accordingly, because the People did not satisfy their statutory readiness obligation, the motion to dismiss the indictment pursuant to CPL 30.30 should have been granted.

Acting Chief Judge CIPARICK and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.