# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

391
KA 07-02491
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

TUREMAIL MCCULLOUGH, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

TUREMAIL MCCULLOUGH, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered October 29, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, assault in the second degree and grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), assault in the second degree (§ 120.05 [6]) and grand larceny in the third degree (§ 155.35). Defendant contends in his main brief that Supreme Court erred in admitting in evidence the testimony of a police investigator that improperly bolstered the identification testimony of an eyewitness. That contention is not preserved for our review (*see People v Newman*, 71 AD3d 1509, *lv denied* 15 NY3d 754; *People v Cala*, 50 AD3d 1581, *lv denied* 10 NY3d 957; *People v Slaughter*, 27 AD3d 1188, *lv denied* 7 NY3d 795), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention in his pro se supplemental brief that the assault conviction is not supported by legally sufficient evidence (*see People v Lane*, 7 NY3d 888, 889; *People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit (*see generally People v Chiddick*, 8 NY3d 445, 446-447; *People v Bleakley*,

69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Defendant's challenge to the legal sufficiency of the evidence before the grand jury, i.e., that the testimony of an eyewitness was improperly bolstered, is not properly before us on this "appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Afrika*, 79 AD3d 1678, 1679; *People v Lee*, 56 AD3d 1250, 1251, *lv denied* 12 NY3d 818).

We agree with defendant, however, that the court erred in failing to conduct a sufficient inquiry into his complaint regarding a conflict of interest with defense counsel.  On the day of sentencing, defendant requested new counsel and indicated that he had filed a grievance regarding defense counsel's actions, including his alleged failure to investigate certain allegations and to respond appropriately to defendant's requests.  At that time, defense counsel asked the court to assign new counsel to investigate defendant's claims.  The court, however, did not address defendant's request for new counsel, nor did it conduct any inquiry concerning his allegations.  It is well settled that "it is incumbent upon a defendant to make specific factual allegations of 'serious complaints about counsel' . . . If such a showing is made, the court must make at least a 'minimal inquiry,' and discern meritorious complaints from disingenuous applications by inquiring as to 'the nature of the disagreement or its potential for resolution' " (*People v Porto*, 16 NY3d 93, 100).  Here, the court proceeded to sentence defendant without seeking input from defense counsel regarding whether the grievance created an adversarial situation and without inquiring with respect to the other issues raised.  The court also sentenced defendant without directing defense counsel to continue his representation of defendant.  Furthermore, although there is no rule requiring that a defendant who has filed a grievance against his attorney be assigned new counsel, the court was required to make an inquiry to determine whether defense counsel could continue to represent defendant in light of the grievance (*see People v Smith*, 25 AD3d 573, 574-576, *lv denied* 6 NY3d 853).  We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for the assignment of new counsel and resentencing.

Entered:  April 1, 2011                         Patricia L. Morgan
                                                Clerk of the Court