# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

417
KA 12-02303
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JOSEPH TUCKER, III, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 12, 2012. The judgment convicted defendant, after a nonjury trial, of robbery in the second degree (six counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a nonjury verdict of six counts of robbery in the second degree (Penal Law §§ 20.00, 160.10 [1]; [2] [b]). In appeal No. 2, defendant appeals by permission of this Court from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction.

With respect to appeal No. 1, we reject defendant's contention that the testimony of his accomplices was not sufficiently corroborated and thus that the conviction is not supported by legally sufficient evidence. We conclude that the testimony of the victims tended to connect defendant with the crime and harmonized with the narrative provided by the accomplices in such a way that Supreme Court could have been reasonably satisfied that the accomplices were telling the truth (*see People v Reome*, 15 NY3d 188, 191-192; *People v Highsmith*, 124 AD3d 1363, 1364, *lv denied* 25 NY3d 1202; *People v Rimmen*, 17 AD3d 1078, 1079, *lv denied* 5 NY3d 768). Moreover, the in-court identifications of defendant by two of the victims, although equivocal, were "sufficient to satisfy the minimal requirements of the accomplice corroboration statute" (*People v Jones*, 85 NY2d 823, 825; *see* CPL 60.22 [1]; *People v Billingsley*, 128 AD3d 1520, 1520-1521, *lv denied* ___ NY3d ___ [Mar. 16, 2016]).

We agree with defendant, however, that he is entitled to a new trial because the court violated his right to counsel when it failed to conduct a sufficient inquiry into his complaint regarding a conflict of interest with defense counsel. Prior to commencement of a scheduled suppression hearing, defense counsel informed the court that, based on recent discussions, defendant wanted to request new counsel, and that there had been a breakdown in communication between defense counsel and defendant regarding the issues that they needed to address. Defendant subsequently confirmed that he was requesting new assigned counsel and informed the court that he had filed a grievance against defense counsel resulting in a conflict of interest. "[A]lthough there is no rule requiring that a defendant who has filed a grievance against his attorney be assigned new counsel, [a] court [is] required to make an inquiry to determine whether defense counsel [can] continue to represent defendant in light of the grievance" (*People v McCullough*, 83 AD3d 1438, 1440, *lv denied* 17 NY3d 798; *see People v Smith*, 25 AD3d 573, 575, *lv denied* 6 NY3d 853; *see also People v Brown*, 305 AD2d 422, 423). Moreover, "where potential conflict is acknowledged by counsel's admission of a breakdown in trust and communication, the trial court is obligated to make a minimal inquiry" (*People v Porto*, 16 NY3d 93, 101; *see People v Sides*, 75 NY2d 822, 824-825). We thus conclude on this record that the court was obligated to make a minimal inquiry (*see Sides*, 75 NY2d at 825; *McCullough*, 83 AD3d at 1440; *Smith*, 25 AD3d at 575-576).

The court failed to fulfill that obligation. Instead, upon defense counsel's representation that defendant wanted new assigned counsel and that there had been a breakdown in communication, the court told defendant that he could retain any attorney he wanted and asked him whether he could afford to do so (*see Sides*, 75 NY2d at 824). Defendant then stated that he had filed a grievance against defense counsel and, as he began to explain that defense counsel was not properly handling his case, the court cut defendant off, expressed its opinion that defense counsel had provided him with competent representation, and indicated that it would not allow defendant to "change lawyers on the day of a hearing just because [he was] not comfortable with it." The record thus demonstrates that the court, without conducting any inquiry, failed to provide defendant with an opportunity to explain his complaints (*see People v Beard*, 100 AD3d 1508, 1512; *People v Branham*, 59 AD3d 244, 245). Indeed, the court "erred by failing to ask even a single question about the nature of the disagreement or its potential for resolution" (*Sides*, 75 NY2d at 825). "[H]ad the court conducted that inquiry, it might well have determined that, despite the defendant's allegedly having filed a grievance, the grievance was merely a delaying tactic or that the defense counsel was, despite the grievance, fully capable of providing the defendant with effective representation" (*Smith*, 25 AD3d at 575-576). The court could not, however, summarily dismiss the request (*see Sides*, 75 NY2d at 825; *Beard*, 100 AD3d at 1512).

In light of our determination, we dismiss appeal No. 2 as academic (*see People v Wilson*, 5 NY3d 778, 779 n; *People v Oxley*, 64 AD3d 1078, 1084, *lv denied* 13 NY3d 941), and there is no need to

address defendant's remaining contentions.