People v Hardy (2018 NY Slip Op 01837)





People v Hardy


2018 NY Slip Op 01837


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1437 KA 15-00890

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
J.W. HARDY, ALSO KNOWN AS J.W. HARDY, JR., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
J.W. HARDY, JR., DEFENDANT-APPELLANT PRO SE.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered February 23, 2015. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree (five counts) and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts 3 through 12 and count 14 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of five counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree
(§ 220.16 [1]), and one count of criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). Defendant contends that County Court erred in denying his request to substitute his second assigned attorney and, at a minimum, should have conducted a more detailed inquiry with respect to his complaints about counsel's performance.
" [A]lthough there is no rule requiring that a defendant who has filed a grievance against his attorney be assigned new counsel, [a] court [is] required to make an inquiry to determine whether defense counsel [can] continue to represent defendant in light of the grievance' " (People v Tucker, 139 AD3d 1399, 1400 [4th Dept 2016]). Here, we agree with defendant that the court should have "made at least some minimal inquiry in light of defense counsel's statement that the defendant had filed a grievance against him," in order to determine whether defense counsel was properly able to continue to represent defendant (People v Middleton, 153 AD3d 937, 939 [2d Dept 2017]; see People v Dodson, 30 NY3d 1041, 1042 [2017]; People v Smith, 30 NY3d 1043, 1043-1044 [2017]). We thus conclude that the court thereby violated defendant's right to counsel and that defendant is entitled to a new trial (see Tucker, 139 AD3d at 1399-1400), prior to which he should be given the opportunity to retain counsel or be assigned new counsel if appropriate.
We have considered the remaining contentions in defendant's main brief and the contentions in his pro se supplemental brief and conclude that none warrants dismissal of the indictment.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court