People v Raghnal (2020 NY Slip Op 04031)





People v Raghnal


2020 NY Slip Op 04031


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


362 KA 18-00614

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMEL RAGHNAL, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered August 29, 2017. The judgment convicted defendant upon a plea of guilty of arson in the second degree, burglary in the second degree, and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of arson in the second degree (Penal Law
§ 150.15), burglary in the second degree (§ 140.25 [2]), and criminal mischief in the fourth degree (§ 145.00 [1]). At the outset, we agree with defendant that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019]).
Defendant contends that County Court failed to conduct the requisite inquiry into his complaints regarding his assigned counsel. Although "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option . . . , the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for substitution' " (People v Sides, 75 NY2d 822, 824 [1990]). Thus, trial courts are required to conduct "at least a minimal inquiry' " when a defendant requests substitution of counsel and voices " seemingly serious' " complaints about his or her assigned counsel (People v Porto, 16 NY3d 93, 100 [2010], quoting Sides, 75 NY2d at 824-825; see People v Edwards, 173 AD3d 1615, 1616 [4th Dept 2019]).
Here, defendant sent letters to the court on January 23, 2017 and March 28, 2017, each containing allegations of various shortcomings in assigned counsel's performance. Neither of those letters, however, contained a request that the court provide defendant with substitute counsel, and thus defendant, through those letters, failed to preserve his contention for review (see generally People v Alexander, 132 AD3d 1412, 1413 [4th Dept 2015], lv denied 27 NY3d 1148 [2016]). In any event, the record establishes that the court sufficiently inquired into defendant's complaints at a subsequent appearance on March 31, 2017, and ensured that defendant and defense counsel had resolved the alleged issues that had been raised in the January 23, 2017 and March 28, 2017 letters.
Defendant thereafter sent another letter to the court on April 11, 2017, again raising certain complaints regarding counsel's performance. Like the prior letters, however, defendant did not request that the court assign substitute counsel, and thus the April 11, 2017 letter failed to preserve the issue for review (see generally Alexander, 132 AD3d at 1413). In any event, even if defendant had requested substitute counsel in that letter, defendant "failed to proffer specific allegations of a seemingly serious request' that would require the court to engage in a minimal inquiry" (Porto, 16 NY3d at 100; see generally Edwards, 173 AD3d at 1616).
In May 2017, and as the scheduled date of defendant's trial approached, defendant sent two additional letters to the court. Those letters, however, did not contain a request that the court assign substitute counsel, and instead indicated that, in defendant's estimation, he and his attorney were not ready for trial. Likewise, at the next court appearance, at which defendant ultimately pleaded guilty, defendant requested an adjournment of the scheduled trial, but did not request substitute counsel. Thus, defendant's letters of May 2017 and his statements at the following court appearance did not preserve his contention for review "inasmuch as the record reflects that both defendant and the court understood that defendant sought an adjournment . . . and did not request new assigned counsel" (People v Johnson, 94 AD3d 1496, 1497 [4th Dept 2012], affd 20 NY3d 990 [2013]; see generally Alexander, 132 AD3d at 1413).
We reject defendant's further contention that the court abused its discretion in denying his request for an adjournment. It is well settled that "[t]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Resto, 147 AD3d 1331, 1332 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017] [internal quotation marks omitted]), and defendant made no such showing here, inasmuch as he makes only a general assertion that he and his attorney required additional time to prepare his defense (see generally People v Peterkin, 81 AD3d 1358, 1360 [4th Dept 2011], lv denied 17 NY3d 799 [2011]).
We likewise reject defendant's contention that the court erred in denying his motion to withdraw his guilty plea on the ground of ineffective assistance of counsel. The court properly denied the motion inasmuch as, aside from defendant's unsupported allegations of deficient representation, " nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Watkins, 77 AD3d 1403, 1404 [4th Dept 2010], lv denied 15 NY3d 956 [2010]; see generally People v Kurkowski, 117 AD3d 1442, 1443-1444 [4th Dept 2014]). Defendant's further contention that the plea should be vacated based on the court's purported misstatement of defendant's possible sentencing exposure is not preserved for our review because defendant failed to move to withdraw his plea on that ground (see generally People v Carlisle, 50 AD3d 1451, 1451 [4th Dept 2008], lv denied 10 NY3d 957 [2008]).
Defendant's sentence is not unduly harsh or severe. We agree with defendant, however, that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of criminal mischief in the fourth degree, and it must therefore be amended to reflect that he was convicted of only one count of criminal mischief in the fourth degree.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court