People v Alvarez (2021 NY Slip Op 03286)





People v Alvarez


2021 NY Slip Op 03286


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ.


Ind No. 2818/14 2818/14 Appeal No. 13754 Case No. 2017-1210 

[*1]The People of the State of New York, Respondent,
v
Bianca Alvarez, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J. at speedy trial motion; April A. Newbauer, J. at jury trial and sentencing), rendered April 28, 2016, convicting defendant of leaving the scene of an incident without reporting, and sentencing her to a conditional discharge, unanimously reversed, on the law, and the indictment dismissed.
Over the two years preceding trial of this uncomplicated case, the prosecution obtained repeated adjournments that delayed defendant's trial for 247 days, well over the 184-day limit set forth under CPL 30.30, precisely the sort of unfair prejudice to the accused the statute was enacted to prevent. We accordingly reverse and dismiss the indictment.
The six-month period set forth in the statute runs from "the filing of the first accusatory instrument and the prosecution's declaration of readiness," excluding any pre-readiness delay that meets the statutory criteria and adding any post-readiness delay "actually attributable to the People and [] ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208 [1992]).
The court erred, firstly, in excluding 93 days of pre-readiness delay in which the prosecution failed to present its case to the grand jury. "[T]he obligation to obtain a proper accusatory instrument is the prosecutor's alone" (People v Waring, 206 AD2d 329, 330 [1st Dept 1994]), making "the period prior to the People's obtaining an indictment [] chargeable to them, absent the applicability of some exclusion" (People v Anderson, 252 AD2d 399, 400 [1st Dept 1998]).
The court found that the exclusion set forth in 30.30(4)(g) for exceptional circumstances applied because the prosecution was "[u]nable to present the case" without complainant and had sufficiently established her unavailability.
However, the prosecutor did not and could not establish its inability to proceed with the case since the complainant was not necessary to present its case to the grand jury. The charges against defendant were for leaving the scene of the accident without reporting it. The complainant remembered nothing of the accident, let alone defendant's actions in its aftermath, professing to this lack of memory on the very day of the accident.
Thus, from the very beginning, the prosecution knew that it would have to rely on the eyewitness and the officers—not the complainant—to prove defendant's actions. The complainant's husband, who was waiting for his wife in a nearby parked car and watched as defendant's vehicle struck the complainant and then left, testified that he "never t[ook] his eyes off [defendant's] vehicle," "never [] los[ing] sight of her." He described how defendant stopped, exited the vehicle, looked around, and then took off. He followed defendant's vehicle from the accident scene and intercepted her, testifying at length as to same. The prosecution elicited less than six pages of testimony from the complainant, who testified that she "started crossing the street, and then I don't know what happened [*2]after that." Her next memory was when she "woke up in the hospital." To establish the complainant's injuries, the prosecution had only to call a physician, which is what it did at trial. It thus cannot be said that the complainant's unavailability made it impossible to proceed with the grand jury presentation.
The exclusion for special circumstances applies "only when the People for practical reasons beyond their control cannot proceed with a legally viable prosecution" (People v Price, 14 NY3d 61, 64 [2010]), and it is for the prosecutor to establish a material witness's unavailability, its own due diligence, and its ground for believing in the imminent availability of the witness (see People v Kato, 178 AD2d 381, 382 [1st Dept 1991]), none of which was established here. The prosecutor did not create a contemporaneous record of the witness' injuries, much less offer medical substantiation, showing that the complainant was unavailable for the entire 93-day period [FN1] (compare People v Pharr, 204 AD2d 126, 127 [1st Dept 1994]). It must also be remembered that the prosecution needed only reasonable cause, and not proof beyond a reasonable doubt, to make its grand jury presumption (CPL 190.65[1]), as to which the complainant's testimony was patently unnecessary.
The court also erred in excluding 83 days of post-readiness delay that was due to the prosecutor's improper declaration that its readiness was "moot" because lead defense counsel was on trial. While acknowledging that a colleague of defense counsel was present, the court nonetheless erroneously concluded that "the People's state of readiness is irrelevant where counsel is unavailable," misconstruing the law as to what constitutes "unavailability."
CPL 30.30(4)(f) provides for an exclusion based on the absence of counsel only for a "period during which the defendant is without counsel through no fault of the court" (id.). The Court of Appeals has instructed that a person is not "without counsel" where she has an "appointed" attorney, as defendant did here (People v Rouse, 12 NY3d 728, 729 [2009] [a person "had counsel" where substitute counsel had been appointed at the calendar call]).
In People v Nunez (47 AD3d 545, 546 [1st Dept 2009]), we held that a defendant was not "without counsel" within the meaning of the statute where the Legal Aid attorney assigned to the defendant's case was absent, but a different Legal Aid attorney had appeared on the defendant's behalf (id.).
Because a colleague of defense counsel stood up on the case on July 8, 2015, as the court itself acknowledged, defendant was not without representation on the basis that "counsel was unavailable."
Since the People's lack of readiness is irrelevant only where defense counsel has failed to appear, the court erred in finding otherwise and in excusing the People from their statutory readiness obligation. The purpose of the statute is to "address[] only the problem of prosecutorial readiness" (People v Anderson, 66 NY2d 529, [*3]535 [1985]). "The right to a speedy trial is not dependent in any way on whether the defendant has expressed his readiness for trial" (People v Liotta, 79 NY2d 841, 843 [1992]] [internal quotation marks omitted]). That is all the more true where, as here, the prosecution stated "not ready" at the two prior court appearances. The consecutive announcements of "not ready" preceding the July 8, 2015 court date raise doubts about the People's true state of readiness.
The prosecution's contention that the 83-day delay should be excluded because it was requested at defendant's behest is without merit. The Court of Appeals has made clear that any such consent to an adjournment "must be clearly expressed by the defendant or defense counsel [in order] to relieve the People of the responsibility for that portion of the delay" (Liotta, 79 NY2d at 843). The record of the July 8, 2015 appearance does not contain any request or consent by the defense to an adjournment. Indeed, the adjournment was fixed by the court at the prosecution's prompting. After counsel entered appearances, the prosecutor stated, "it's my understanding that defense counsel of record is on trial currently. Based on that, it's the People's position that the People's readiness is moot," whereupon the court proceeded to discussion of other matters. The silence of defense counsel was not, as the People contend, tantamount to a communication of a request for time. The "mere failure by defense counsel to object to an adjournment does not constitute 'consent' within the meaning of CPL 30.30(4)(b)" (People v Cortes, 80 NY2d 201, 214 [1992]). Indeed, substitute counsel participated in a discussion as to a possible plea. It bears further noting that neither the prosecutor nor the court made any record indicating that lead counsel on trial that day requested or consented to the delay.
In light of this determination, we do not reach defendant's claim that the evidence was legally insufficient.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021



Footnotes

Footnote 1: At most, the prosecution showed the complainant to be unavailable for the 11-day period during which she was hospitalized. There was no medical evidence corroborating her unavailability post-discharge.