People v Darwish (2021 NY Slip Op 03936)





People v Darwish


2021 NY Slip Op 03936


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


121 KA 17-01910

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD DARWISH, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DIANNE C. RUSSELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered August 29, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree, grand larceny in the fourth degree, escape in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one through five and seven of the indictment.
Memorandum: In this prosecution arising from the knifepoint robbery of a vehicle from a woman and her teenage daughters in the parking lot of a shopping mall, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [3]). Defendant contends that County Court committed reversible error by failing to conduct an inquiry into his complaints about defense counsel at several junctures during the proceedings. We agree with defendant in part.
Although "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option . . . , the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing 'good cause for substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (People v Sides, 75 NY2d 822, 824 [1990]; see People v Porto, 16 NY3d 93, 99 [2010]). "[A] court's duty to consider . . . a motion [for substitution of counsel] is invoked only where a defendant makes a 'seemingly serious request[ ]' " for new counsel (Porto, 16 NY3d at 99-100; see Sides, 75 NY2d at 824). When a defendant's request for substitution of counsel is supported by "specific factual allegations of 'serious complaints about counsel[,]' . . . the court must make at least a 'minimal inquiry' " into " 'the nature of the disagreement or its potential for resolution' " (Porto, 16 NY3d at 100; see People v Smith, 30 NY3d 1043, 1044 [2017]; Sides, 75 NY2d at 825; People v Medina, 44 NY2d 199, 207 [1978]). In addition, "where potential conflict is acknowledged by counsel's admission of a breakdown in trust and communication, the trial court is obligated to make a minimal inquiry" (Porto, 16 NY3d at 101).
Contrary to defendant's contention, the court was not obligated to make a minimal inquiry based on his statements prior to a suppression hearing inasmuch as " 'the record reflects that both defendant and the court understood that defendant sought an adjournment . . . and did not request new assigned counsel' " (People v Raghnal, 185 AD3d 1411, 1413 [4th Dept 2020], lv denied 35 NY3d 1115 [2020], quoting People v Johnson, 94 AD3d 1496, 1497 [4th Dept 2012], affd 20 NY3d 990 [2013]; see generally Porto, 16 NY3d at 99-100). We similarly reject defendant's contentions that the court was required to conduct a minimal inquiry following his submission of two letters to the court containing allegations of various shortcomings in defense counsel's performance and that his subsequent pro se motion to reopen the suppression hearing [*2]contained complaints about defense counsel that warranted an inquiry by the court. Neither the letters nor the motion "contained a request that the court provide defendant with substitute counsel" (Raghnal, 185 AD3d at 1412), and thus "it cannot be said that the court erred in failing to conduct an inquiry to determine whether good cause was shown to substitute counsel" (People v Singletary, 63 AD3d 1654, 1654 [4th Dept 2009], lv denied 13 NY3d 839 [2009]; see People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]; People v La Bar, 16 AD3d 1084, 1085 [2005], lv denied 5 NY3d 764 [2005]; cf. Sides, 75 NY2d at 824-825).
We agree with defendant, however, that the court committed reversible error by failing to conduct an inquiry following defense counsel's submission of a letter seeking to be relieved from the case and in light of defendant's responses to that letter. In particular, the record establishes that defense counsel—prompted by defendant's prior specific complaints about her failure to file motions, seek relevant evidence through discovery such as surveillance video of the incident, investigate specified witnesses, and engage in meaningful consultation and preparation—expressed a breakdown in trust and communication based on her interactions and appearances with defendant and sought to be relieved from representing defendant on the ground that she was unable to handle his case (see People v Gibson, 126 AD3d 1300, 1301 [4th Dept 2015]). In his responsive letter, which included a request for substitution of counsel, defendant expressly stated that there had been "a breakdown in communication between attorney and client." Defendant's subsequent response also indicated that he was requesting new counsel on the basis of his complaints and the breakdown in the relationship. Defendant's specific complaints remained uncontradicted by defense counsel inasmuch as she failed to address them in her letter or at a later appearance when defendant once again voiced his complaints (see People v Beard, 100 AD3d 1508, 1511 [4th Dept 2012]). We thus conclude on this record that "[d]efendant's request on its face suggested a serious possibility of irreconcilable conflict with his lawyer, as evidenced by the [acknowledgment] of counsel that a complete breakdown of communication and lack of trust had developed in their relationship" (Sides, 75 NY2d at 824-825). "[W]here[, as here,] potential conflict is acknowledged by counsel's admission of a breakdown in trust and communication, the trial court is obligated to make a minimal inquiry" (Porto, 16 NY3d at 101; see Sides, 75 NY2d at 824-825; People v Tucker, 139 AD3d 1399, 1400 [4th Dept 2016]).
The court failed to fulfill its obligation. Instead, by summarily dismissing defendant's request on the ground that defendant had discharged prior attorneys and had requested earlier in the proceedings that defense counsel be assigned, the court violated its "ongoing duty" to " 'carefully evaluate serious complaints about counsel' " (People v Linares, 2 NY3d 507, 510 [2004] [emphasis added]; see People v McClam, 60 AD3d 968, 970-971 [2d Dept 2009]). Indeed, the court "erred by failing to ask even a single question about the nature of the disagreement or its potential for resolution" (Sides, 75 NY2d at 825; see Tucker, 139 AD3d at 1400). Although "[t]he court might well have found upon limited inquiry that defendant's request was without genuine basis, . . . it could not so summarily dismiss th[at] request" (Sides, 75 NY2d at 825; see People v Edwards, 173 AD3d 1615, 1617 [4th Dept 2019]; Tucker, 139 AD3d at 1400-1401). We therefore reverse the judgment and grant a new trial on counts one through five and seven of the indictment (see Edwards, 173 AD3d at 1617).
In light of our determination, there is no need to address defendant's remaining contentions.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court