People v Session (2022 NY Slip Op 03820)

People v Session

2022 NY Slip Op 03820

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

246 KA 17-00561

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY D. SESSION, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered January 27, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree, robbery in the second degree, and attempted robbery in the first degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in denying his pro se motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30), arguing that the People's total period of unreadiness for trial exceeded six months. Preliminarily, it is undisputed that defendant's contention is properly before us. Although defendant's third counsel effectively took the position that defendant did not have a meritorious statutory speedy trial claim, defendant's pro se motion maintained that dismissal was warranted because the People violated his statutory right to a speedy trial. "Because a criminal defendant is not entitled to hybrid representation, . . . the decision to entertain [a pro se] motion[ filed by a represented defendant] lies within the sound discretion of the trial court" (People v Rodriguez, 95 NY2d 497, 500 [2000]; see People v Johnson, 195 AD3d 1420, 1420-1421 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]). Here, the court exercised its discretion in entertaining defendant's pro se motion, allowed him to argue the merits, and made specific rulings with respect to whether the periods of delay now challenged on appeal were chargeable to the People. We thus conclude that defendant's challenges to the court's speedy trial calculations are preserved for our review (see CPL 470.05 [2]).
With respect to the merits, "[i]n felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]). "[A] defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]). The People then "bear the burden of demonstrating sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]; see Allard, 28 NY3d at 45).
Here, the criminal action was commenced on February 28, 2014, when the felony complaints were filed (see CPL 1.20 [17]; People v Osgood, 52 NY2d 37, 43 [1980]; People v Harrison, 171 AD3d 1481, 1482 [4th Dept 2019]). Inasmuch as defendant was charged with a felony, the People were permitted no more than six calendar months of delay or, in this case, 181 [*2]days (see CPL 30.30 [1] [a]; Cortes, 80 NY2d at 207 n 3; People v Minwalkulet, 198 AD3d 1290, 1291 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]). There is no dispute that defendant met his initial burden "of alleging that the People were not ready for trial within the statutorily prescribed time period" (Allard, 28 NY3d at 45; see CPL 30.30 [1] [a]; People v Anderson, 188 AD3d 1699, 1699 [4th Dept 2020], lv denied 36 NY3d 1055 [2021]), thereby shifting the burden to the People to demonstrate "sufficient excludable time" (Kendzia, 64 NY2d at 338).
Regarding the period of prereadiness delay, defendant contends, and the People do not dispute, that the People should be charged with 31 days. We agree. Defendant was charged by felony complaints on February 28, 2014, and the People announced readiness for trial after defendant was arraigned on the indictment on April 1, 2014. The day the felony complaints were filed is excluded from the time calculations (see People v Stiles, 70 NY2d 765, 767 [1987]; Harrison, 171 AD3d at 1482), and thus the period of prereadiness delay is 31 days. Additionally, there is no basis to exclude from the prereadiness period the three days between an arraignment purportedly scheduled for March 1, 2014, and the actual arraignment in Rochester City Court on March 4, 2014. Inasmuch as the entire 31-day period occurred before the People declared themselves ready, the People "had the burden of establishing their entitlement to have [any] delay excluded from their readiness time" (Cortes, 80 NY2d at 216). The People failed to meet that burden here because, as the court recognized, they did not provide any transcript to substantiate the claim that defendant had refused to attend the March 1 arraignment (see id.). Nor did the People's submission in opposition contain "an unequivocal statement by someone with firsthand knowledge" that defendant refused to appear for that arraignment (People v Collins, 82 NY2d 177, 182 [1993]).
Next, with respect to the postreadiness periods, defendant contends that the court properly determined that the People were chargeable with 79 days between their first request for a trial adjournment, made on February 23, 2015, and their second request for an adjournment, made on May 12, 2015. We agree with defendant that, under our case law applying CPL 470.15 (1) along with People v LaFontaine (92 NY2d 470 [1998], rearg denied 93 NY2d 849 [1999]) and its progeny, we have no power to review the court's determination that the People are chargeable with that delay (see e.g. Minwalkulet, 198 AD3d at 1291; People v Williams, 137 AD3d 1709, 1710 [4th Dept 2016]; cf. People v Salgado, 27 AD3d 71, 72-75 [1st Dept 2006], lv denied 6 NY3d 838 [2006]).
Defendant further contends that the People are chargeable with the entire 83-day period following their second request for an adjournment and that the court erred in concluding that the People were not chargeable with 49 days of that delay that accrued after defendant filed a grievance against his second counsel. Addressing first the contested post-grievance period, we note that the court concluded that the 49 days between June 15, 2015, when defendant filed the grievance, and August 4, 2015, when the court relieved defendant's second counsel from the representation, were not chargeable to the People because the filing of the grievance "resulted in new counsel having to be appointed," i.e., that period was excluded on the ground that "defendant [was] without counsel through no fault of the court" (CPL 30.30 [4] [f]). We agree with defendant that the court's determination is erroneous. " '[T]here is no rule requiring that a defendant who has filed a grievance against his attorney be assigned new counsel' " (People v Tucker, 139 AD3d 1399, 1400 [4th Dept 2016]), i.e., the filing of a grievance does not automatically sever the attorney-client relationship. Instead, following the filing of a grievance, " '[a] court [is] required to make an inquiry to determine whether defense counsel [can] continue to represent defendant in light of the grievance' " (id.). Here, the court did not address the grievance and relieve second counsel due to the conflict of interest resulting from the grievance until August 4, 2015. For purposes of CPL 30.30 (4) (f), "a person is not 'without counsel' where [he or] she has an 'appointed' attorney" (People v Alvarez, 194 AD3d 618, 620 [1st Dept 2021], lv denied 37 NY3d 970 [2021]; see People v Rouse, 12 NY3d 728, 729 [2009]). Inasmuch as defendant still had an appointed attorney in the period between the filing of the grievance and the determination that second counsel would be relieved, the court's determination that defendant was without counsel, and thus that the 49-day period was not chargeable to the People, lacks legal support (see Rouse, 12 NY3d at 729; Alvarez, 194 AD3d at 620).
Based on the foregoing, the propriety of the court's denial of defendant's pro se statutory speedy trial motion depends on whether the 83-day delay following the second [*3]adjournment—specifically the period from May 13, 2015, to August 4, 2015—should have been excluded because the second adjournment was requested or consented to by second counsel (CPL 30.30 [4] [b]) or was the result of an exceptional circumstance (CPL 30.30 [4] [g]). The court, however, did not rule on whether that period was excludable on those grounds because it determined that its exclusion of the post-grievance period was dispositive in favor of the People regardless of the reason for the second adjournment. We are thus " 'precluded from affirming on [either of] the ground[s mentioned above] inasmuch as the court did not rule on th[ose] issue[s]' " (People v Kniffin, 176 AD3d 1601, 1601-1602 [4th Dept 2019]). Indeed, where, as here, "the record does not reflect that the court ruled on a part of a motion, the failure to rule on that part cannot be deemed a denial thereof" (People v Thomas, 173 AD3d 1845, 1846 [4th Dept 2019]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). We therefore hold the case, reserve decision, and remit the matter to County Court to determine defendant's pro se motion by ruling on the abovementioned outstanding issues (see generally People v Ballowe, 173 AD3d 1666, 1668 [4th Dept 2019]; Thomas, 173 AD3d at 1846; People v Jones, 114 AD3d 1272, 1272 [4th Dept 2014]).
We have reviewed defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court