People v Harris (2022 NY Slip Op 03843)

People v Harris

2022 NY Slip Op 03843

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

472 KA 16-00332

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERALD T. HARRIS, DEFENDANT-APPELLANT. 

BETH A. RATCHFORD, CANANDAIGUA, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered December 22, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and that County Court erred in summarily denying his pro se request to withdraw his plea of guilty without assigning new counsel to represent him. As the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as the court's explanation that the waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [that] defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US —, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1228-1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]).
Nevertheless, we reject defendant's contention that the court erred in denying without a hearing his pro se request to withdraw his guilty plea. " 'Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). Furthermore, "[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his [or her] contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d 926, 927 [1974]). Where, as here, the record establishes that the defendant was afforded such an opportunity, that the court was able to make an informed determination of the request, and that the defendant's request was patently without merit, the court may summarily deny the motion (see People v Smith, 122 AD3d 1300, 1301-1302 [4th Dept 2014], lv denied 25 NY3d 1172 [2015]). Furthermore, we perceive no abuse of discretion in the court's denial of the request insofar as it was based on allegations of ineffective assistance of counsel, inasmuch as, aside from defendant's unsupported and conclusory allegations of deficient representation, " 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Watkins, 77 AD3d 1403, 1404 [4th Dept 2010], lv denied 15 NY3d 956 [2010]; see People v Raghnal, 185 AD3d 1411, 1413 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]; see generally People v Kurkowski, 117 AD3d 1442, 1443-1444 [4th Dept 2014]). Contrary to defendant's related contention, defense counsel did not take an adverse position on defendant's request to withdraw the guilty plea, and therefore the court did not abuse its discretion in failing to substitute new counsel (see People v Weinstock, 129 AD3d 1663, 1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court