# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 99  SSM 8
The People &c.,
        Respondent,
    v.
Justice A.,
        Appellant.

Hannah Gladstein, for appellant.
Franklin R. Guenthner, for respondent.

MEMORANDUM:

The order of the Appellate Term should be reversed, defendant's motion to dismiss pursuant to CPL 30.30 granted and the accusatory instrument dismissed.

Defendant Justice A. was charged with assault in the third degree, a misdemeanor. Under CPL 30.30 (1) (b), the People had 90 days to proceed to trial. The trial court determined that 87 days of chargeable time had elapsed excluding the contested period between November 5, 2018 and November 13, 2018. Although the judge at the November 5th appearance indicated that the contested time would be chargeable to the People, the judge at a subsequent hearing disagreed, concluding that "the delay was caused by the defendant's failure to appear, and the unavailability of trial counsel" and so should be charged to the defendant. Because that eight-day period should have been charged to the People, the People exceeded the statutory time for readiness.

Under CPL 30.30 (4) (f), a "period during which the defendant is without counsel through no fault of the court" must be excluded when calculating the time within which the People must be ready for trial. However, a defendant is not "without counsel" within the meaning of the statute when appearing with substitute counsel (*see People v Rouse*, 12 NY3d 728 [2009]).

Here, defendant was assigned an attorney from The Legal Aid Society during his arraignment. On November 5, 2018, the date that defendant's case was calendared for trial, defendant appeared in court with a different attorney from that office, who informed the court that defendant's original attorney was leaving the office and the case was being reassigned to another attorney from Legal Aid. Defendant plainly was represented at that appearance and was therefore not "without counsel" (*see Rouse*, 12 NY3d at 729). Accordingly, the time should not have been excluded under CPL 30.30 (4) (f) and should have been charged to the People.

Nor should the relevant period have been excluded based on defendant's late appearance on November 5th. Defendant—along with defense counsel and the prosecutor—was absent when the case was first called early in the day because he was attending school and his assigned attorney told him to come to court later that afternoon. The court ordered a bench warrant for defendant and recalled the case that same afternoon. At that time, all parties were present, and the court expunged the warrant. Given that defendant appeared on the same day the court issued the bench warrant, there was no "period extending from the day the court issues a warrant . . . to the day the defendant subsequently appears in court" within the meaning of the statute such that the time should have been excluded (*see* CPL 30.30 [4] [c] [ii]).

On review of submissions pursuant to section 500.11 of the Rules, order reversed, defendant's motion to dismiss pursuant to CPL 30.30 granted and accusatory instrument dismissed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided October 19, 2023